EXHIBIT 1

1　GARCIA RAINEY BLANK & BOWERBANK LLP
　　　A LIMITED LIABILITY PARTNERSHIP
2　NORMA V. GARCIA, Cal. Bar No. 223512
　　ngarciaguillen@garciarainey.com
3　JEFFREY M. BLANK, Cal. Bar No. 217522
　　jblank@garciarainey.com
4　HUGO A. LOPEZ, Cal. Bar No. 315846
　　hlopez@garciarainey.com
5　695 Town Center Drive, Suite 700
　　Costa Mesa, CA 92626
6　Telephone:　(714) 382-7000
　　Facsimile:　(714) 784-0031
7
　　Attorneys for Plaintiff
8　Li Mei Chen

9　　　　　　　　UNITED STATES DISTRICT COURT

10　　　　　　　CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 11　LI MEI CHEN, an individual | **Case No.: 2:21-cv-08866** |
| 12　　　　　　Plaintiff,<br>　　　　vs. | **COMPLAINT FOR:** |
| 13<br>14　URBAN COMMONS 6TH AVE<br>SEATTLE, LLC, a Delaware Limited<br>15　Liability Company; TAYLOR WOODS,<br>an individual; HOWARD WU, an<br>16　individual; WU DEVELOPMENT, LLC, a<br>California Limited Liability Company;<br>17　ANNIE WU, an individual; and DOES 1<br>through 10, inclusive<br>18<br>　　　　　　Defendants | **(1)　VIOLATION OF SECTION 5 OF<br>　　　THE SECURITIES AND<br>　　　EXCHANGE ACT;<br>(2)　VIOLATION OF SECTION 12 OF<br>　　　THE 1933 SECURITIES ACT;<br>(3)　VIOLATION OF SECTION 15 OF<br>　　　THE 1933 SECURITIES ACT;<br>(4)　VIOLATION OF SECTION 17 OF<br>　　　THE 1933 SECURITIES ACT;<br>(5)　VIOLATION OF SECTION 10(b)<br>　　　OF THE 1934 SECURITIES AND<br>　　　EXCHANGE ACT AND RULE<br>　　　10b-5;<br>(6)　VIOLATION of Cal. Corp. Code<br>　　　§§ 25401 & 25501;<br>(7)　VIOLATION OF Cal. Corp. Code<br>　　　§§ 2400 & 25500<br>(8)　VIOLATION of Cal. Corp. Code §<br>　　　25403;<br>(9)　VIOLATION of Cal. Corp. Code<br>　　　§§ 25503, 25504.1 & 25110;<br>(10)　VIOLATION of Cal. Corp. Code §<br>　　　25504;<br>(11)　VIOLATION OF Cal. Corp. Code<br>　　　§§ 25401 & 25504.1<br>(12)　VIOLATION OF Cal. Corp. Code<br>　　　§§ 25200, et seq. & 25501.5;<br>(13)　BREACH OF CONTRACT<br>(14)　THEFT BY FALSE PRETENSE<br>　　　(Cal. Penal Code §496(c))<br>(15)　CONSTRUCTIVE FRAUD;** |

- 1 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(16) **FRAUD—FALSE PROMISE;**
(17) **FRAUD—CONCEALMENT;**
(18) **FRAUD—INTENTIONAL MISREPRESENTATION;**
(19) **NEGLIGENT MISREPRESENTATION;**
(20) **NEGLIGENCE;**
(21) **VIOLATIONS OF Cal. Corp. Code § 17704.41; and**
(22) **Unfair Business Practices (Cal. Bus. Code. § 172000)**

**DEMAND FOR JURY TRIAL**

- 2 -

COMPLAINT

Plaintiff Li Mei Chen ("Mrs. Chen") complains and alleges as follows against Defendants URBAN COMMONS 6TH AVE SEATTLE ("UC SEATTLE"), TAYLOR WOODS ("WOODS"), HOWARD WU ("WU"), WU DEVELOPMENT, LLC ("WU DEVELOPMENT"), ANNIE WU, ("A. WU")   and DOES 1 through 10 ("DOE Defendants") (collectively, "Defendants") as follows:

### NATURE OF ACTION

1.      This action stems from the unscrupulous, fraudulent and unlawful sale, within this District, of unregistered and non-exempt securities by Defendants to Plaintiff. The Defendants, through deceitful misconduct mislead Plaintiff into investing $300,000 in Urban Commons 6th Ave Seattle, LLC ("UC Seattle"), which Defendants represented to Plaintiff would be the single purpose limited liability company through which Defendants were going to purchase the real property known as Hilton Seattle, located at 1301 6th Avenue, Seattle, Washington ("Hilton Seattle"). All the while, Defendants knew their parent company was being investigated for securities violations in Singapore. Worse yet, Defendants knew they were in default of a facility loan critical to their ongoing operations. Yet, none of these material facts were disclosed to Plaintiff.

2.      Plaintiff alleges that all Defendants conspired and committed violations of Federal and California Securities Laws (defined below) and other statutes, as well as actual and constructive fraud, intentional misrepresentation, and/or negligent misrepresentations, and other torts for which Plaintiff seeks relief and remedies herein.

3.      Plaintiff seeks damages and/or rescission of the securities sales contract and transactions at issue, with restitution, monies on common counts, and other relief in this action.

### JURSIDICTION AND VENUE

4.      This Court has jurisdiction of this action and of the parties pursuant to 28 U.S.C. §§ 1331 and 1332, and by diversity of citizenship. Plaintiff asserts claims herein pursuant to Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78j and 78t], and Rule 10b-5 promulgated thereunder [17 C.F.R. §

- 3 -

240.10b-5], and under 17 C.F.R. § 230. 405. The Exchange Act, and the rules and regulations issued thereunder, including Rule 10b-5, and other relevant Federal securities statutes, regulations and authorities are hereafter collectively referred to as the "Federal Securities Laws."

5.     Defendants, directly or through their agents and representatives, are and have been engaged in regular, continuing and substantial activities, communications, transactions and conduct within this District, throughout California and in other States of the United States ["Other States"], and other United States citizens.

6.     This Court has pendent, supplemental and ancillary jurisdiction over Plaintiff's state court claims for relief pursuant to 25 U.S.C. § 1367 in that such claims are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.

7.     Plaintiff's Federal and California Securities Laws claims, and California statutory and common law claims, are so interrelated and relevant to each other as to constitute the same controversy, dispute and case under Article III of the United States Constitution.

8.     This Court also has jurisdiction by 28 U.S.C. § 1332 based on the complete diversity among the parties, and the amount in controversy exceeds $75,000.00.

9.     Venue is proper in the Central District of California, including under Section 27(a) of the Exchange Act [15 U.S.C. § 78aa(a)], and 28 U.S.C. § 1391(b).

**PARTIES**

10.     Plaintiff Li Mei Chen (hereinafter "Mrs. Chen"), is an individual residing in Albuquerque, New Mexico.

11.     Defendant Urban Commons 6th Ave. Seattle, LLC (hereinafter, "UC SEATTLE") is a Delaware Limited Liability Company whose Manager and/or Member is a citizen and resident of Los Angeles County, State of California.

12.      Plaintiff is informed and believes that defendant Taylor Woods (hereinafter, "WOODS") was a resident of Orange County, California until recently relocating to

- 4 -

Meridian, Idaho.

13.     Plaintiff is informed and believes that defendant Howard Wu (hereinafter, "WU") is, and at all relevant times herein was, an individual residing in the State of California, County of Los Angeles and conducting business in the State of California, County of Los Angeles.

14.     Plaintiff is informed and believes that defendant Annie Wu (hereinafter, "A. WU") is and at all relevant times herein was, an individual residing in the State of California, and conducting business in the State of California, County of Los Angeles.

15.     Plaintiff is informed and believes that Wu Development, LLC is a California Limited Liability Company with its principal place of business located at 777 South Figueroa Street, Suite 2850, Los Angeles, California 920017.

## **GENERAL ALLEGATIONS**

**UC Seattle**

16.     In or about January 2020, Defendants issued a private offering ("UC Seattle Offering") to investors seeking to raise Thirty Million Dollars ($30,000,000) in membership interest in Urban Commons 6th Ave Seattle, LLC ("UC SEATTLE"). UC SEATTLE is the single purpose limited liability company through which Defendants were going to purchase the real property known as Hilton Seattle, located at 1301 6th Avenue, Seattle, Washington ("Hilton Seattle"). A true and correct copy of the Membership Interest Subscription Agreement ("Subscription Agreement") for Plaintiff is attached hereto as **Exhibit A.**

17.     On or about July 3, 2020, Plaintiff received the UC Seattle Offering documents, which consisted of the Subscription Agreement for UC SEATTLE. Based on the representations set forth in the Subscription Agreement, including but not limited to: (i) the purchase price for the Hilton Seattle will be deposited into an interest-bearing secure bank account,  (ii) all interest earned on such account will be used by UC SEATTLE to pay all costs and expenses (including, but not limited to, all legal, accounting and management costs and expenses) incurred in connection with this offering and the formation of UC Seattle, (iii) UC SEATTLE would obtain an acquisition loan in an approximate aggregate

amount of approximately Seventy Million Dollars ($70,000,000.00) in order to acquire and refurbish the Hilton Seattle, (iv) in the event the subscription was terminated, the funds raised by UC SEATTLE would be returned to the investors, Plaintiff invested in UC SEATTLE.

18.    Specifically, on or about July 3, 2020, Plaintiff executed her Subscription Agreement and thereafter, on or about July 9, 2020, Plaintiff wired her $300,000 investment in UC SEATTLE. That same day, Plaintiff received confirmation from Defendants that UC SEATTLE had received Plaintiff's funds.

19.    The UC Seattle Subscription Agreement expressly stated that "the Company (UC Seattle) will not use or apply the purchase price until the Company has raised the necessary funds from this offering. The funds raised for the offerings will be used to invest in an entity which shall acquire, own, operate, and eventually sell that certain property known as the Hilton Seattle, located at 1301 6th Avenue, Seattle, Washington (the "Property.")

20.    The UC Seattle Subscription Agreement further stated that: "(i) the purchase price will be deposited into an interest-bearing secure bank account and (ii) all interest earned on such account will be used by the Company to pay all costs and expenses (including, but not limited to, all legal, accounting and management costs and expenses) incurred in connection with this offering and the formation of the Company."

21.    The UC Seattle Subscription Agreement also stated that in the event the subscription were terminated, "all funds raised by the Company will be returned to the applicable investors, together with any interest remaining on such funds following the payment of all costs and expenses."

22.    The UC Seattle Subscription Agreement further stated that the Company would be obtaining acquisition loans in an approximate aggregate amount of approximately Seventy Million Dollars ($70,000,000.00) in order to acquire and refurbish the Property.

23.    Plaintiff is informed and believes and therefore alleges that to date, Defendants have not completed their offering for UC SEATTLE nor have Defendants raised

- 6 -

the Thirty Million Dollars ($30,000,000) from its offering of membership interests in UC SEATTLE.

24.    Plaintiff is informed and believes and therefore alleges that to date, Defendants have not obtained a financing commitment for the acquisition loans in an approximate aggregate amount of Seventy Million Dollars ($70,000,000.00) in order to acquire and refurbish the Hilton Seattle.

25.    Plaintiff is informed and believes and therefore alleges that to date, Defendants have not acquired or refurbished the Hilton Seattle. Indeed or about October 12, 2020, Plaintiff received an email correspondence from Defendants to all UC SEATTLE investors stating that Defendants were purportedly in the "final stages" of acquiring the Hilton Seattle and that Defendants expected to be able to start paying investors their owed interest payments beginning on November 1, 2020. However, Plaintiff is informed and believes and therefore alleges that no such acquisition occurred.

26.    In addition to executing the Subscription Agreement, Plaintiff also entered into an Investment Agreement with Defendants. The terms of the Investment Agreement stated that "Member shall receive a six percent (6%) guaranteed preferred return per annum on Investment Capital ("Preferred Return"), to be paid each Calendar Quarter at the rate of 1.5% each Calendar Quarter. "Preferred Return" means an amount calculated like interest and accrued on the balance standing from time to time in such Member's Investment Capital account at a simple interest rate equal to six percent (6%) per annum, non-compounded. "Calendar Quarter" shall mean each period of three (3) consecutive calendar months commencing on the first day of January, April, July and October of each Calendar Year.

27.    The Investment Agreement further stated, "Net profits of Company that exceed 6% per annum will be distributed to the members of the Company on a pro rata basis in accordance to the percentage of ownership interest as set forth in Exhibit A of the Operating Agreement."

28.    Notably, to date, Plaintiff has only received two (2) Preferred Return payments on her investment, each for $2,250 and received on November 3, 2020 and

November 4, 2020 respectively. As such, Plaintiff is still owed approximately $295,500.00, which represents the remaining balance of her initial investment, plus her "Preferred Returns", interests and attorney's fees.

29.    Plaintiff further alleges that the securities which Defendants sold to Plaintiff were unregistered in violation of the Securities Act of 1933 and were not exempt from such registration or qualification under the Securities Act of 1933. Therefore, the offer and sale of membership interests by Defendants in UC SEATTLE violated the Securities Act of 1933 and California securities law.

30.    During the marketing and solicitation of investments in the membership interest of UC SEATTLE, Defendants did not disclose their relationship with, involvement in, and/or ownership interest in EAGLEHT, which is the Singaporean REIT which was supposed to buy UC SEATTLE upon UC SEATTLE's acquisition of the Hilton Seattle. Plaintiff is informed and believes and therefore allege that WOODS and WU own and/or owned 17% of the equity in EAGLEHT and were and/or are Chairman and Deputy Chairman, respectively of the EAGLEHT board.

31.    Plaintiff is informed and believes and therefore alleges that at the time Defendants issued their offering of membership interests in UC SEATTLE to Plaintiff, Defendants knew EAGLEHT was not performing well and failed to disclose this material fact to Plaintiff. Specifically, Defendants knew that EAGLEHT had defaulted on a Three Hundred and Forty-One Million Dollar (US $341,000,000.00) facility loan. Importantly, this default occurred in or about December 2019.

32.    Plaintiff is informed and believes and therefore alleges that at the time Defendants issued their offering of membership interests in UC SEATTLE to Plaintiff, Defendants knew that trading of EAGLEHT SP was suspended. Notably, EAGLEHT SP is the name under which shares of EAGLEHT were sold on the Singapore Stock Exchange. Plaintiff is also informed and believes and therefore alleges that defendants WOODS and WU hold and/or held shares of EAGLEHT SP as a result of their relationship, involvement and/or ownership interest in EAGLEHT.

- 8 -

33.    Further, Plaintiff is informed and believes and therefore alleges that at the time Defendants issued their offering of membership interests in UC SEATTLE, Defendants knew they were under investigation by the Monetary Authority of Singapore (MAS) and the Singapore Exchange for suspected breaches of disclosure requirements under Section 203 of the Singapore Securities and Futures Act, and breaches of regulations and listing rules in relation to EAGLEHT SP.

34.    Notably, nowhere in the documents provided to Plaintiff as part of the UC Seattle Offering, including the Subscription Agreement and the Investment Agreement, did Defendants disclose their involvement with, connection to, and/or relationship with EAGLEHT. Nor did Defendants disclose in the documents provided to Plaintiff as part of the UC Seattle Offering the financial trouble EAGLEHT was under, including failure to disclose that EAGLEHT had defaulted in its a Three Hundred and Forty-One Million Dollar (US $341,000,000.00) facility loan in or about December 2019. Nor did the UC Seattle Offering documents provided to Plaintiff disclose anything about EAGLEHT SP's troubles with the Monetary Authority of Singapore (MAS) and the Singapore Exchange and suspension of EAGLEHT SP's shares on the Singapore Exchange. Indeed, none of the aforementioned disclosures were made to Plaintiff prior to her investing in UC SEATTLE even though Defendants had an obligation to do so.

35.    Defendants made misrepresentations of material facts and omitted material facts concerning WOODS, and WU in the offering of the membership interests in UC SEATTLE. Plaintiff relied on such misrepresentations in deciding to invest. But for such misrepresentations and material omissions, Plaintiff would not have invested $300,000 in UC SEATTLE.

36.    In sum, in their pitch to solicit the purchase of membership interests in UC SEATTLE  by Plaintiff, Defendants, by means of written and oral communications, made untrue statements of material facts and omitted to state material facts necessary to make the statements made, in the light of the circumstances under which the statements were made, not misleading, including, inter alia:

a.  They materially misrepresented and omitted material facts concerning their credentials, experience, expertise, and capabilities in order to induce the trust and confidence of Plaintiff and other investors and lenders;

b.  They failed to disclose the default by EAGLEHT and acceleration thereafter of its Three Hundred and Forty-One Million Dollar (US$341,000,000.00) loan;

c.  They materially misrepresented and omitted material facts concerning the completion dates for the offerings and the dates on which the Seattle Hilton would be sold to EAGLEHT;

d.  They materially misrepresented and omitted material facts concerning raising the necessary funds from the offering of membership interests in order to purchase the Seattle Hilton;

e.  They materially misrepresented and omitted material facts concerning the status of the investment, acquisition of the Seattle Hilton, and escrow account allegedly holding Plaintiff's investment; and

f.  They materially misrepresented and omitted material facts concerning the Preferred Returns Plaintiff would receive under the Investment Agreement.

37.  On February 17, 2021, Plaintiff provided Defendants with written correspondence wherein Plaintiff provided Defendants with notice of Plaintiff's Termination of Membership Interest.

38.  Thereafter, on or about March 8, 2021, Plaintiff participated in a Zoom call with investors led by WU. During the Zoom call, WU gave investors including Mrs. Chen the runaround refusing to state if and/or when investors would be paid their quarterly interests. During the Zoom call, WU further stated that Defendants would be closing on the Hilton Seattle in the next 2-3 weeks which would place the closing date sometime at the end of April 2021. Incredibly, when investors asked WU if walking away from the deal was an option, WU stated that there was no financial contingency in place so as a result, walking away from the deal was not an option as doing so would result in the $6 million down

1   payment being lost. In addition, when WU was asked about providing investors with

2   financial statements, WU said that financial statements would only be provided when there

3   was a payout and/or twice a year.

4         39.     Then on April 14, 2021, Plaintiff received an email from Felix Wong

5   addressed to all UC SEATTLE investors stating that UC SEATTLE had "limited cash flow"

6   and would not be able to pay interests to investors.

7         40.     After yet again being told by Defendants that the Hilton Seattle had not yet

8   been acquired and that she would once again not be receiving interest payments on her

9   investment, on or about June 22, 2021, Plaintiff had a call with WU during which Plaintiff

10  asked WU for her investment funds back. During the call, WU told Plaintiff that she would

11  talk to WOODS to see how much WOODS and WU "could give [her] back."

12        41.     On August 26, 2021, Plaintiff participated in yet another Zoom call with all

13  UC SEATLE investors and once again this Zoom call was led by WU. During this Zoom

14  call WU said that Defendants had not yet closed on the Hilton Seattle but instead would be

15  waiting until September or October 2021. During this call, WU also said he was still

16  discussing with WOODS whether UC SEATTLE investors would be receiving interest

17  payments on their investments. When the UC SEATTLE investors pressed WU as to why

18  WU was not providing the investors with more frequent updates, WU said, "trust me we

19  are all friends." When the UC SEATTLE investors asked WU why there was no financial

20  contingency plan in place, WU stated it was not standard practice to have a financial

21  contingency at "this level." As the UC SEATTLE investors continued to voice their

22  questions and concerns to WU, WU decided to cut the Zoom call short and left the investors

23  with a myriad of unanswered questions and growing concerns.

24        42.      Thereafter, Plaintiff once again attempted to talk to WU about receiving her

25  investment funds back but WU told Plaintiff he was "too busy" to talk to Plaintiff.

26        43.      Thus, to date, Plaintiff has not received the investment sums she demanded

27  back from WU and in light of Defendants not yet having acquired the Hilton Seattle,

28  Plaintiff is unaware of where her investment funds went or how they were used by

Defendants or even if they were used for their intended purpose, i.e., acquiring the Hilton Seattle.

44.    The Subscription Agreement expressly provides that should the offering not be completed timely; the investments would be returned to each Plaintiff with interest. Defendants have refused to do so even though they failed to timely complete the offering and/or acquire the Hilton Seattle and despite Plaintiff's repeated requests that her investment funds be returned to her.

## **ALTER EGOS**

45.    On information and belief, and on that basis, Plaintiff alleges that Defendant UC SEATTLE is a shell company being used as an instrumentality and conduit for a single venture controlled by Defendant WOODS and his cohort WU, and Doe Defendants ("DOES") 1 through 10.  On information and belief, Plaintiff alleges that UC SEATTLE, is an alter ego of WOODS and WU, by reason of the following:

a.  Plaintiff is informed and believes that there exists a unity of interest and ownership between WOODS and WU on the one hand, and UC SEATTLE, on the other hand, such that any individuality and separateness between WOODS and WU on the one hand and UC SEATTLE, on the other hand, does not exist.

b.  Plaintiff is informed and believes that WOODS and WU exercise complete control and dominance over UC SEATTLE and, consequently, UC SEATTLE is a mere shell, instrumentality, and conduit through which WOODS and WU carry on a single enterprise as part of an association-in-fact enterprise.

c.  Plaintiff is informed and believes and thereon alleges that WOODS and WU at all times herein mentioned, dominated, influenced and controlled UC SEATTLE, and any officers or directors other than WOODS and WU, as well as the business, property, and affairs of UC SEATTLE.

d.  Plaintiff is informed and believe and thereon allege that, at all times herein mentioned UC SEATTLE  was created and continued pursuant to a fraudulent plan, scheme, and device conceived and operated by an associate-in-fact enterprise formed by WOODS

1    and WU, whereby income, revenue and profits of UC SEATTLE were diverted to WOODS

2    and WU through their positions as Principals, Managers or Managing Member of such

3    entities.

4           e.    Plaintiff is informed and believes and thereon alleges that, at all times  herein

5    mentioned UC SEATTLE was organized by WOODS and WU as a device to defraud

6    Plaintiff of her investment in UC SEATTLE.

7           f.    By virtue of the foregoing, adherence to the fiction of the separate corporate

8    existence of UC SEATTLE would, under the circumstances, sanction a fraud and promote

9    injustice in that Plaintiff may be unable to realize upon any judgment in her favor.  Plaintiff

10   is informed and believes and thereon alleges that, at all times relevant hereto, the individual

11   Defendants WOODS and WU, and UC SEATTLE acted for each other in connection with

12   the conduct herein alleged and that each of them performed the acts complained of herein

13   or breached the duties herein complained of as agents of each other and each is therefore

14   fully liable for the acts of the other.

15                          **DOE DEFENDANTS**

16          46.    Plaintiff is unaware of the true names and capacities, whether individual,

17   corporate, associate, or otherwise, of DOES 1 through 10, inclusive, or any of them, and

18   are gathering information to determine if other known entities or individuals are complicit

19   in Defendants' wrongdoing, and therefore sues these defendants, and each of them, by such

20   fictitious names.  Plaintiff will either file a DOE amendment and/or an amended complaint

21   and/or seek leave of this Court to amend this complaint when the status and identities of

22   these defendants are ascertained or when Plaintiff determines claims against known entities

23   or individuals are warranted.  The Doe defendants include individuals and entities assisting

24   or acting in concert with Defendants in connection with the acts complained of herein.

25          47.    Each fictitiously named defendant was in some way responsible for,

26   participated in, or contributed to the matters of which Plaintiff complains, and has legal

27   responsibility for those matters. Each of DOES 1 through 10 was in some way responsible

28   for, participated in, or contributed to the matters of which Plaintiff complains in the causes

of action in which they are named.

## CONSPIRACY

48.     Defendants UC SEATTLE, WOODS, WU, A. WU and DOES 1 through 10 formed a plan to engage in a conspiracy to commit wrongful conduct, and all agreed to the shared common plan and were each aware that each other planned to participate in the plan and that the plan was unlawful and fraudulent.  Plaintiff alleges that to the extent that WOODS and WU and UC SEATTLE are found to be alter egos of each other, then they acted together as one conspiring unit with DOES 1 through 10; as an alternative theory of liability in the event that UC SEATTLE is not found to be an alter ego of WOODS and WU, then Plaintiff alleges that such non-alter ego entity UC SEATTLE was a separate co-conspirator, *see Webber v. Inland Empire Investments* (1999) 74 Cal. App. 4th 884, 900-01.

49.     Plaintiff is informed and believe that DOES 1 through 10 were part of the planned conspiracy to commit wrongful conduct, and all agreed to the shared common plan and were each aware that each other, WOODS, WU, A. WU, and UC SEATTLE planned to participate in the plan and that the plan was unlawful and fraudulent.  Plaintiff is informed and believes that DOES 1 through 10 aided and abetted the commission of the wrongful conduct alleged in this Complaint by WOODS, WU, A. WU, and UC SEATTLE. DOES 1 through 10 knew that the conduct of WOODS, WU, and UC SEATTLE constituted a breach of duty and/or wrongful conduct and provided substantial assistance or encouragement to WOODS, WU, and UC SEATTLE to so act.

## FIRST CAUSE OF ACTION

### (Violation of Section 5 of the Securities and Exchange Act Against All Defendants, and Does 1 through 10, Inclusive)

50.     Plaintiff hereby incorporates each and every allegation contained in paragraphs 1 through 49 and realleges those allegations as if fully set forth herein.

51.     By engaging in the conduct described above, Defendants, directly or indirectly, singly and in concert: (i) made use of the means or instruments of transportation

- 14 -

or communication in interstate commerce or of the mails to sell securities, through the use or medium of a prospectus or otherwise; (ii) carried securities or caused such securities to be carried through the mails or the interstate commerce, by any means or instruments of transportation, for the purpose of sale or for delivery after sale; and/or (iii) made use of the means or instruments of transportation or communication in interstate commerce or of the mails offer to sell or offer to buy securities, through the use or medium of any prospectus or otherwise.

52.    No registration statement was filed or was in effect with the Securities Exchange Commission ("SEC") pursuant to the Securities Act, and no exemption from registration exists with respect to the offering and sale of securities to Plaintiff described herein.

53.    By reason of the foregoing, Defendants violated Section 5 of the Securities and Exchange Act.

## SECOND CAUSE OF ACTION

### (Violation of Section 12 of the Securities and Exchange Act Against All Defendants, and Does 1 through 10, Inclusive)

54.    Plaintiff hereby incorporates each and every allegation contained in paragraphs 1 through 53 and realleges those allegations as if fully set forth herein.

55.    Defendants sold the securities described herein in violation of Section 5 of the Securities act and are therefore jointly and severally liable under Section 12 of the Securities Act.

56.    Defendants also offered and sold securities using interstate commerce or the mails by the means of oral communication, which included untrue statements of material facts or omitted to state a material fact necessary in order to make the statements in light of the circumstances under which they were made not misleading, and are therefore liable under Section 12 of the Securities Act.

**THIRD CAUSE OF ACTION**

**(Violation of Section 15 of the Securities and Exchange Act Against WOODS, and WU, and Does 1 through 10, Inclusive)**

57.    Plaintiff hereby incorporates each and every allegation contained in paragraphs 1 through 56 and realleges those allegations as if fully set forth herein.

58.    WOODS and WU are control persons within the meaning of Section 15 of the Securities Act and are therefore jointly and severally liable for the violations by UC SEATTLE of Sections 5 and 12 of the Securities Act.

**FOURTH CAUSE OF ACTION**

**(Violation of Section 17 of the Securities and Exchange Act Against All Defendants, and Does 1 through 10, Inclusive)**

59.    Plaintiff hereby incorporates each and every allegation contained in paragraphs 1 through 58 and realleges those allegations as if fully set forth herein.

60.    In the offer and sale of securities to Plaintiff, Defendants employed devices, schemes, and artifices to defraud Plaintiff as described herein.

61.    In the offer and sale of securities to Plaintiff, as described in detail herein, Defendants made untrue statements of material fact and omitted to state material facts necessary in order to make the statements made in the light of the circumstances under which they were made, not misleading.

62.    In the offer and sale of securities to Plaintiff, as described in detail herein, Defendants engaged in transactions, practice or a course of business which operated as a fraud and deceit on Plaintiff.

63.    Defendants are therefore liable under Section 17 of the Securities Act.

**FIFTH CAUSE OF ACTION**

**(Violation of Section 10(b) of the 1934 Securities and Exchange Act and Rule 10b-5 Against All Defendants and Does 1 through 10, Inclusive)**

64.    Plaintiff  hereby incorporates each and every allegation contained in

1    paragraphs 1 through 63 and realleges those allegations as if fully set forth herein.

2         65.    Defendants and each of them, by engaging in the conduct described herein

3    knowingly, recklessly, or negligently, directly or indirectly, in connection with the purchase

4    or sale of a security, by the use of means or instrumentalities of interstate commerce or of

5    the mails, with scienter, violated Section 10(b) and Rule 10b-5 by: (i) employing devices,

6    schemes, and artifacts to defraud; (ii) making untrue statements of material facts and

7    omitting to state material facts necessary in order to make the statements made, in light of

8    the circumstances under which they were made, not misleading; and (iii) engaging in acts,

9    practices and a course of business pursuant to which they knowingly or recklessly engaged

10   in acts that operated as a fraud or deceit upon Plaintiff in connection with its offer and sale

11   of securities to Plaintiff.

12        66.    Plaintiff was induced to purchase Defendants' securities as a direct and

13   proximate result of Defendants' fraud, deceit, misleading statements, concealments of

14   material facts and other conduct which constitute(s), separately and together, violations of

15   the Exchange Act as alleged.

16        67.    Plaintiff reasonably and justifiably relied upon the representations, promises

17   and other statements, communications and conduct by Defendants in investing in UC

18   SEATTLE.

19        68.    Plaintiff was ignorant of, and Defendants concealed from Plaintiff, and did

20   not disclose to Plaintiff, material facts which were necessary to prevent the fraud, deceit

21   and other violations of the Exchange Act by Defendants. Defendants prevented Plaintiff

22   from discovering the true facts as to Defendants' illegal and wrongful actions and the

23   damages caused Plaintiff.

24        69.    By engaging in the conduct described in this Complaint, Defendants, and each

25   of them, have violated Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)], and Rule

26   10b-5 [17 C.F.R. § 240.10b-5] promulgated thereunder, in each and all Securities

27   Transactions, including offers and sales of UC SEATTLE securities, with and to Plaintiff

28

1    as alleged.

2          70.    Plaintiff has sustained damages in sums to be determined according to proof,

3    but exceeding the jurisdictional threshold of this Court.

4          71.    Plaintiff is entitled to recover her economic and other compensatory damages

5    from Defendants, and each of them, according to proof, together with pre- and post-

6    judgment interest, attorneys' fees, experts' fees and costs.

7          72.    Plaintiff's damages include, without limitation, the principal sum of

8    $300,000.00 which Plaintiff paid to purchase UC SEATTLE securities and other

9    compensatory and consequential damages.

10         73.    Defendants, and each of them, have acted with oppression, fraud and malice

11   in the matters herein alleged, for which Plaintiff is entitled to recover punitive and

12   exemplary damages from each and all Defendants.

13   **SIXTH CAUSE OF ACTION**

14   **(Violation of California Corporations Code §§ 25401 and 25501 Against All**

15   **Defendants and Does 1 through 10, Inclusive)**

16         74.    Plaintiff hereby incorporates each and every allegation contained in

17   paragraphs 1 through 73 and realleges those allegations as if fully set forth herein.

18         75.    It is unlawful for any person to offer or sell a security in the State of California

19   by means of any written or oral communication that includes an untrue statement of a material

20   fact or omits to state a material fact necessary to make the statements made, in the light of the

21   circumstances under which the statements were made, not misleading. Cal. Corp. Code §

22   25401.

23         76.    Any person who violates California Corporations Code § 25401 is liable to

24   the person who purchased a security from him, who may sue either for rescission or for

25   damages (if the plaintiff or the defendant, as the case may be, no longer owns the security),

26   unless the defendant proves that the plaintiff knew the facts concerning the untruth or

27   omission or that the defendant exercised reasonable care and did not know (or if he had

28   exercised reasonable care would not have known) of the untruth or omission. Upon

1   rescission, a purchaser may recover the consideration paid for the security, plus interest at

2   the legal rate, less the amount of any income received on the security, upon tender of the

3   security. (Cal. Corp. Code § 25501.)

4         77.    As set forth in this Complaint, Defendants offered to sell membership interests

5   to Plaintiff in UC SEATTLE in the State of California by means of written and oral

6   communications that included untrue statements of material facts and omitted to state material

7   facts necessary to make the statements made, in light of the circumstances under which they

8   statements were made, not misleading.

9         78.    Defendants offered to sell those membership interests in UC SEATTLE to the

10  Plaintiff.

11        79.    The membership interest in UC SEATTLE offered to be sold by Defendants

12  constituted unregistered securities.

13        80.    Plaintiff purchased securities from Defendants in UC SEATTLE.

14        81.    Plaintiff herein sues UC SEATTLE for rescission of the purchase by Plaintiff

15  and sale by Defendants of the membership interests in UC SEATTLE purchased by Plaintiff

16  and sold by Defendants, and to recover the consideration paid by Plaintiff for those

17  securities, plus interest at the legal rate, less the amount of any income received on those

18  securities.

19                   **SEVENTH CAUSE OF ACTION**

20     **(For Violations of California Corporations Code §§ 25400 & 25500 (Against All**

21               **Defendants and Does 1 through 10, Inclusive)**

22        82.    Plaintiff hereby incorporates each and every allegation contained in

23  paragraphs 1 through 81 and realleges those allegations as if fully set forth herein.

24        83.    In the misrepresentations and other wrongful and illegal conduct by

25  Defendants herein alleged, including in the solicitations, offers and sales of securities to

26  Plaintiff, Defendants each and all violated Corporations Code Section 25400.

27        84.    Defendants, and each of them, misrepresented the values and risks of

28  investing in the proffered securities and made other false and misleading statements and

1    engaged in other conduct which violate, individually and in aggregate, Corporations Code

2    Section 25400.

3        85.    As provided in Corporations Code Section 25500, and as a result of

4    Defendants' violations of Corporations Code Section 25400, Plaintiff is entitled to damages

5    and other relief.

6        86.    Plaintiff prays for damages pursuant to Corporations Code Section 25500,

7    including the sum of $300,000.00 paid by Plaintiff for securities in UC SEATTLE, together

8    with interest accruing at the legal rate, including other compensatory and consequential

9    damages, and punitive and exemplary damages.

10       87.    Plaintiff also prays for recovery of such other damages as may be proven and

11   recoverable, including under Corporations Code Section 25500 and other applicable

12   California Securities Laws.

13       88.    Alternatively, or in combination, as authorized by applicable provisions of

14   the California Securities Laws, including in Corporations Code Section 25000, et seq.,

15   Plaintiff seeks and applies for rescission of the securities transactions alleged and for

16   restitution of the entire $300,000 principal sum paid by Plaintiff, with interest at the legal

17   rate, and other damages according to proof, including attorneys' fees and costs, and other

18   compensatory and consequential damages and punitive and exemplary damages.

19                    **EIGHTH CAUSE OF ACTION**

20   **(For Violations of California Corporations Code § 25403 Against WOODS and WU)**

21       89.    Plaintiff   hereby incorporates each and every allegation contained in

22   paragraphs 1 through 88 and realleges those allegations as if fully set forth herein.

23       90.    Defendants WOODS and WU are jointly and severally liable for UC

24   SEATTLE's violations of the California Corporations Code as they are control persons of

25   UC SEATTLE and knowingly induced the violations described in the Complaint, or they

26   provided substantial assistance in the violations of the California Corporations Code as

27   described in this Complaint.

28

COMPLAINT

**NINTH CAUSE OF ACTION**

**(For Violations of California Corporations Code §§ 25503, 25504.1 & 25110 Against**

**All Defendants and Does 1 through 10, Inclusive)**

91.    Plaintiff hereby incorporates each and every allegation contained in paragraphs 1 through 90 and realleges those allegations as if fully set forth herein.

92.    Defendants have solicited, offered and sold securities in UC SEATTLE without qualifying said securities for sale in California, including as issuer transactions, as required by Corporations Code Section 25110, et seq., including in the offer and sale of securities to Plaintiff.

93.    Defendants' offers and sales of securities in UC SEATTLE were not exempt from qualification under Corporations Code Section 25110, or other provisions of the California Securities Laws.

94.    By the foregoing, each and all Defendants have violated Corporations Code Section 25110, thereby entitling Plaintiff to recover damages and other relief, including under Corporations Code Sections 25503 and 25504.1.

95.    Plaintiff prays for damages pursuant to Corporations Code Sections 25503 and 25504.1, including the sum of $300,000 paid by Plaintiff for securities in UC SEATTLE, together with interest accruing at the legal rate.

96.    Plaintiff also prays for recovery of such other damages as may be proven and recoverable under Corporations Code Sections 25503 and 25504.1, including attorneys' fees and costs, as well as other compensatory and consequential damages and punitive and exemplary damages.

97.    Alternatively or in combination, as authorized by applicable provisions of the California Securities Laws, including in Corporations Code Section 25000, et seq., Plaintiff seeks and applies for rescission of the securities transactions alleged and for restitution of the entire $300,000 principal sum paid by Plaintiff, with interest at the legal rate, and other damages according to proof.

# TENTH CAUSE OF ACTION

**(Violation of California Corporations Code §25504 Against All Defendants and Does 1 through 10, Inclusive)**

98. Plaintiff hereby incorporates each and every allegation contained in paragraphs 1 through 97 and realleges those allegations as if fully set forth herein.

99. Every person who directly or indirectly controls a person liable under California Corporations Code § 25501, every partner in a firm so liable, every principal executive officer or director of a corporation so liable, every person occupying a similar status or performing similar functions, every employee of a person so liable who materially aids in the act or transaction constituting the violation, and every broker-dealer or agent who materially aids in the act or transaction constituting the violation, are also liable jointly and severally with and to the same extent as such person, unless the other person who is so liable had no knowledge of or reasonable grounds to believe in the existence of the facts by reason of which the liability is alleged to exist. Cal. Corp. Code § 25504.

100. Additionally, any person who materially assists in any violation of California Corporations Code § 25501, with intent to deceive or defraud, is jointly and severally liable with any other person liable for such violation. Cal. Corp. Code. § 25504.1.

101. WOODS directly and indirectly controls UC SEATTLE. WOODS is a principal executive officer and director of UC SEATTLE, or occupies a similar status and performs similar functions as a principal executive officer or director of, and a partner in, UC SEATTLE. WOODS is also an employee and agent of UC SEATTLE who materially aided and assisted in the acts and transactions constituting the violation by UC SEATTLE of California Corporations Code § 25401, and did so with the intent to deceive and defraud, incurring liability of UC SEATTLE to Plaintiff under California Corporations Code § 25501, as set forth in this Complaint. WOODS had knowledge of and reasonable grounds to believe in the existence of the facts by which the liability of UC SEATTLE, under California Corporations Code §§ 25401 and 25501, is alleged to exist. WOODS is jointly and severally liable therefor, with and to the same extent as UC SEATTLE.

102. WU directly and indirectly controls UC SEATTLE. WU is a principal executive officer and director of UC SEATTLE, or occupies a similar status and performs similar functions as a principal executive officer or director of, and a partner in, UC SEATTLE. WU also is an employee and agent of UC SEATTLE who materially aided and assisted in the acts and transactions constituting the violation by UC SEATTLE of California Corporations Code § 25401, and did so with the intent to deceive and defraud, incurring liability of UC SEATTLE to Plaintiff under California Corporations Code § 25501, as set forth in this Complaint. WU had knowledge of and reasonable grounds to believe in the existence of the facts by which the liability of UC SEATTLE, under California Corporations Code §§ 25401 and 25501, is alleged to exist. WU is jointly and severally liable therefor, with and to the same extent as UC SEATTLE.

103. Each of WOODS and WU transmitted, caused to be transmitted, delivered, caused to be delivered, or caused to be disseminated to Plaintiff materially untrue statements and omissions of material fact as alleged in this Complaint.

104. As a direct and proximate result thereof, Plaintiff has suffered damages and is entitled to rescission of her purchase of membership interest in UC SEATTLE. Each of WOODS and WU are jointly and severally liable with UC SEATTLE therefor, with and to the same extent as UC SEATTLE.

## ELEVENTH CAUSE OF ACTION

**(Violation of California Corporations Code §§ 25401 & 25504.1 Against All Defendants and Does 1 through 10, Inclusive)**

105. Plaintiff hereby incorporates each and every allegation contained in paragraphs 1 through 104 and realleges those allegations as if fully set forth herein.

106. Defendants, through their Conspiracy and otherwise, materially participated and joined in the offers and sales of securities in California, including to Plaintiff, by means of false, fraudulent and misleading oral and written representations including documents intended to induce and solicit Plaintiff's purchase of securities in UC SEATTLE.

107. Defendants intended to mislead, deceive and defraud Plaintiff in said offer and

1   sale of securities in UC SEATTLE, including through Defendants' representations,

2   Conspiracy and other conduct as described herein.

3       108.   Defendants each had full knowledge of the false, misleading, fraudulent and

4   deceitful representations being made to Plaintiff, including through the communications from

5   Defendants to Plaintiff as alleged.

6       109.   Defendants each disseminated the solicitation and offering documents and

7   information to Plaintiff with the intent of misleading, deceiving and defrauding Plaintiff and

8   to induce Plaintiff to purchase securities in UC SEATTLE.

9       110.   Each Defendant knowingly intended that Plaintiff would rely on the promises

10   and other representations being made by Defendants to Plaintiff to induce Plaintiff's purchase

11   of securities in UC SEATTLE.

12       111.   Each Defendant intended that Plaintiff would pay, and in justifiable reliance on

13   Defendants' misleading, false and fraudulent statements and concealments of material

14   information, Plaintiff did pay to Defendants for securities in UC SEATTLE the total sum of

15   $300,000.

16       112.   By the foregoing, each and all Defendants have violated Corporations Code

17   Section 25401, including derivatively, thereby entitling Plaintiff to recover damages and

18   other relief under Corporations Code Section 25504.1, as well as punitive and exemplary

19   damages.

20       113.   Plaintiff prays for damages pursuant to Corporations Code Section 25504,

21   including the sum of $300,000 paid by Plaintiff in the purchase of securities in UC

22   SEATTLE, together with interest accruing at the legal rate.

23       114.   Plaintiff also prays for recovery of such other damages as may be proven and

24   recoverable, including under Corporations Code Sections 25401 and 25504.1, including other

25   compensatory and consequential damages.

26       115.   Alternatively or in combination, as authorized by applicable provisions of the

27   California Securities Laws, including in Corporations Code Section 25000, et seq., Plaintiff

28   seeks and applies for rescission of the securities transaction alleged and for restitution of the

1    entire $300,000 principal sum paid by Plaintiff, with interest at the legal rate, and other

2    damages according to proof, including other compensatory and consequential damages and

3    punitive and exemplary damages.

4    **TWELFTH CAUSE OF ACTION**

5    **(Violation of California Corporations Code §§ 25200, et seq. & 25501.5 Against All**

6    **Defendants and Does 1 through 10, Inclusive)**

7    116.   Plaintiff hereby incorporates each and every allegation contained in

8    paragraphs 1 through 115 and realleges those allegations as if fully set forth herein.

9    117.   At the time of the solicitations, offers and sales of the securities in UC

10    SEATTLE to Plaintiff, none of the Defendants were licensed as securities broker dealer(s) as

11    required by Part 3 of the Corporations Code, Section 25200, et seq.

12    118.   Plaintiff hereby rescinds and tenders back to UC SEATTLE and to the other

13    Defendants, the securities sold to and purchased by Plaintiff, as provided in Corporations

14    Code Section 25501.5.

15    119.   Defendants further are liable to restore and return to Plaintiff, and Plaintiff

16    hereby seeks and applies for restitution of all consideration paid by Plaintiff for the securities

17    purchased in UC SEATTLE, in the sum of $300,000, together with interest at the legal rate.

18    120.   Plaintiff further seeks recovery of additional damages according to proof,

19    including under Corporations Code Section 25501.5, and other compensatory and

20    consequential damages.

21    121.   Plaintiff further is entitled to recoveries and other relief pursuant to California

22    Code of Civil Procedure Section 1029.8 due to the injury, loss and damages caused to Plaintiff

23    by Defendants, who are unlicensed persons who solicited, purported to provide advice to

24    Plaintiff and who conducted and directed the offer and sales of securities to Plaintiff.

25    122.   By virtue of Defendants' failure to be licensed in the foregoing transaction and

26    activities as legally required, Plaintiff, accordingly, is entitled to recover from Defendants,

27    under Code of Civil Procedure Section 1029.8(a), without limitation of Plaintiff's other

28    remedies, additional damages for "treble the amount of damages assessed in a civil action in

1    any court having proper jurisdiction." The additional damages shall not exceed $10,000.00

2    under Section 1029.8(c).

3        123.    Plaintiff further prays, under Code of Civil Procedure Section 1029.8(a), for

4    recovery of Plaintiff's costs and attorneys' fees in this action and if Plaintiff prevails herein.

5    Plaintiff respectfully contends that such award would be a proper exercise of this Court's

6    discretion pursuant to the foregoing statute.

7    **THIRTEENTH CAUSE OF ACTION**

8    **(Breach of Contract, Against All Defendants and Does 1 through 10, Inclusive)**

9        124.    Plaintiff hereby incorporates each and every allegation contained in

10    paragraphs 1 through 123 and realleges those allegations as if fully set forth herein.

11        125.    Defendants and Plaintiff executed a Subscription Agreement wherein Plaintiff

12    purchased an interest in UC SEATTLE in exchange for paying Defendants a $300,000

13    investment.  Defendants and Plaintiff also executed an Investment Agreement under which

14    Plaintiff was to receive a six percent (6%) guaranteed preferred return per annum on her

15    Investment Capital ("Preferred Return"). Plaintiff was to receive Preferred Returns each

16    Calendar Quarter at the rate of 1.5%. "Preferred Return" means an amount calculated like

17    interest and accrued on the balance standing from time to time in such Member's Investment

18    Capital account at a simple interest rate equal to six percent (6%) per annum, non-

19    compounded.  "Calendar Quarter" shall mean each period of three (3) consecutive calendar

20    months commencing on the first day of January, April, July and October of each Calendar

21    Year.

22        126.    Plaintiff has performed all of her obligations under the Subscription

23    Agreement and the Investment Agreement including making her $300,000 investment in

24    UC Seattle on or about July 9, 2020.

25        127.    Defendants have breached the Subscription Agreement by among other things

26    failing to: (i) deposit the purchase price funds for the Hilton Seattle into an interest-bearing

27    secure bank account,  (ii) using the interest earned on the interest-bearing secure account to

28    pay all costs and expenses (including, but not limited to, all legal, accounting and

management costs and expenses) incurred in connection with this offering and the formation of UC Seattle, (iii) obtain an acquisition loan in an approximate aggregate amount of approximately Seventy Million Dollars ($70,000,000.00) in order to acquire and refurbish the Hilton Seattle, (iv) acquire the Hilton Seattle, and (v) failing to return to Plaintiff her $300,000 invest sum when Plaintiff terminated the Subscription Agreement.

128.    Defendants have also breached the Investment Agreement by failing to pay to Plaintiff the Preferred Returns due and owed to Plaintiff under the Investment Agreement each Calendar Quarter. Notably, to date, Plaintiff has only received two (2) Preferred Return payments on her investment, each for $2,250 and received on November 3, 2020 and November 4, 2020 respectively.

129.    As a direct and proximate consequence of Defendants' breach of the Subscription Agreement, Plaintiff has been harmed and has sustained damages of not less than $300,000.

130.    As a direct and proximate consequence of Defendants' breach of the Investment Agreement, Plaintiff has been harmed and has sustained damages in the form of her unpaid and owed Preferred Returns at a rate of 6% per annum to be paid each Calendar Quarter at the rate of 1.5% each Calendar Quarter.

## FOURTEENTH CAUSE OF ACTION

### (Theft By False Pretense – California Penal Code §496(c), Against All Defendants and Does 1 through 10, Inclusive)

131.    Plaintiff hereby incorporates each and every allegation contained in paragraphs 1 through 130 and realleges those allegations as if fully set forth herein.

132.    Defendants obtained $300,000 from Plaintiff under false pretenses. More specifically, as part of their offering and sale of securities in UC SEATTLE, Defendants represented to Plaintiff that: (i) UC SEATTLE would not use or apply the purchase price until the necessary funds from the offering had been raised; (ii) the funds raised for the UC Seattle Offering would be used to invest in  UC SEATTLE which would acquire, own, operate, and eventually sell the Seattle Hilton; (iii) the purchase price for the Hilton Seattle

would be deposited into interest-bearing secure bank accounts; (iv) if the Subscription

Agreement was terminated, all funds raised would be returned to the investors, together

with any interest remaining on such funds following the payment of all costs and expenses;

(v) UC SEATTLE would obtain  a loan in an approximate aggregate amount of $70 million

to acquire the Seattle Hilton; and (vi) the Seattle Hilton would be sold to EAGLEHT.

133.    At the time Defendants made these representations, Defendants were well

aware that EAGLEHT was not performing well, Defendants knew that EAGLEHT had

defaulted on a $341 million facility loan, and that the default dated back to December 2019.

Defendants further knew that they were under investigation by the Monetary Authority of

Singapore (MAS) and the Singapore Exchange for suspected breaches of disclosure

requirements under Section 203 of the Singapore Securities and Futures Act, and breaches

of regulations and listing rules in relation to EAGLEHT SP and that trading of EAGLEHT

SP's units had been suspended.

134.    Defendants intended for Plaintiff to rely on the representations to obtain

funding through Plaintiff's investment in an act of theft.

135.    Under these false pretenses, which were unbeknownst to Plaintiff at the time,

Plaintiff invested $300,000 in UC SEATTLE.

136.    The theft amounted to $300,000.00. Under Penal Code Section 496(c),

Plaintiff is entitled to three times the amount of actual damages, costs of suit, and her

reasonable attorneys' fees.

## FIFTEENTH CAUSE OF ACTION

**(Constructive Fraud Against All Defendants and Does 1 through 10, Inclusive)**

137.    Plaintiff    hereby incorporate each and every allegation contained in

paragraphs 1 through 136 and realleges those allegations as if fully set forth herein.

138.    A relation of trust and confidence existed between Defendants on the one

hand and Plaintiff on the other hand.

139.    Defendants engaged in various acts, omissions, and concealment involving

breaches of the above duties and trust and confidence placed in Defendants by Plaintiff,

1    including that they failed to disclose to Plaintiff that: (i) EAGLEHT was not performing

2    well, (ii) EAGLEHT had defaulted on a $341 million facility loan, (iii) the default dated

3    back to December 2019, (iv) Defendants were under investigation by the Monetary

4    Authority of Singapore ("MAS") and the Singapore Exchange for suspected breaches of

5    disclosure requirements under Section 203 of the Singapore Securities and Futures Act, and

6    breaches of regulations and listing rules in relation to EAGLEHT SP; and (v) trading of

7    EAGLEHT SP's units had been suspended.

8        140.    Specifically, Defendants represented to Plaintiff that: (i) UC SEATTLE

9    would not use or apply the purchase price until the necessary funds from the offering had

10   been raised; (ii) the funds raised for the UC Seattle Offering would be used to invest in  UC

11   SEATTLE which would acquire, own, operate, and eventually sell the Seattle Hilton; (iii)

12   the purchase price for the Hilton Seattle would be deposited into interest-bearing secure

13   bank accounts; (iv) if the Subscription Agreement was terminated, all funds raised would

14   be returned to the investors, together with any interest remaining on such funds following

15   the payment of all costs and expenses; (v) UC SEATTLE would obtain a loan in an

16   approximate aggregate amount of $70 million to acquire the Seattle Hilton; and (vi) the

17   Seattle Hilton would be sold to EAGLEHT. Each of these representations were false, was

18   known by their makers to be false at the time made, and induced the Plaintiff's justifiable

19   reliance on Defendants when both made an investment in UC SEATTLE.

20       141.    Plaintiff did not know of Defendants' acts, omissions, and concealment.

21       142.    Plaintiff reasonably and actually relied upon the acts, omissions and

22   concealment by Defendants.

23       143.    Plaintiff were harmed by Defendants' acts, omissions, and concealment in that

24   had the important facts been disclosed to Plaintiff, Plaintiff would have taken steps, including

25   not investing in UC SEATTLE.

26       144.    Defendants' breach of their duties and of the confidence and trust placed in

27   them by Plaintiff was a substantial factor in causing Plaintiff's harm.

28       145.    In committing the acts herein, Defendants are guilty of oppression (despicable

- 29 -

conduct that subjected Plaintiff to cruel and unjust hardship in conscious disregard of

Plaintiff's rights), fraud (intentional misrepresentations, deceit, and concealment of material

facts known to Plaintiff with the intention on the part of Defendants of thereby depriving

Plaintiff of monies and legal rights, including, and otherwise causing injury), malice

(conduct intended by said Defendants to cause injury to Plaintiff), and authorized ratified,

or performed the acts, justifying an award of exemplary and punitive damages, pursuant to

Civil Code Section 3294, in a sum appropriate to punish Defendants and to deter similar

future misconduct and to make an example of them to the community.

## SIXTEENTH CAUSE OF ACTION

**(Fraud-False Promise Against All Defendants and Does 1 through 10, Inclusive)**

146.    Plaintiff hereby incorporates each and every allegation contained in
paragraphs 1 through 145 and realleges those allegations as if fully set forth herein.

147.    Plaintiff participated in the UC Seattle Offering. As part of the UC Seattle
Offering, Defendants promised that:  (i) UC SEATTLE would not use or apply the purchase
price until the necessary funds from the offering had been raised; (ii) the funds raised for
the UC Seattle Offering would be used to invest in  UC SEATTLE which would acquire,
own, operate, and eventually sell the Seattle Hilton; (iii) the purchase price for the Hilton
Seattle would be deposited into interest-bearing secure bank accounts; (iv) if the
Subscription Agreement was terminated, all funds raised would be returned to the investors,
together with any interest remaining on such funds following the payment of all costs and
expenses; (v) UC SEATTLE would obtain a loan in an approximate aggregate amount of
$70 million to acquire the Seattle Hilton; and (vi) the Seattle Hilton would be sold to
EAGLEHT. These promises were important to the establishment of the business
relationship between Plaintiff and Defendants.

148.    Defendants did not intend to perform their promises when such promises were
made.

149.    Defendants intended for Plaintiff to rely on their promises to obtain funding
from Plaintiff.

COMPLAINT

150.    Plaintiff reasonably relied on Defendants' promises and proceeded to invest $300,000 in UC SEATTLE. Defendants did not perform the promised acts.  Defendants never honored their obligations under the Subscription Agreement. As a result, Defendant failed to: (i) complete the offering for UC SEATTLE; (ii) obtain financing commitments for the acquisition loan in an approximate aggregate of $70 million in order to acquire and refurbish the Seattle Hilton; (iv) purchase and refurbish the Seattle Hilton; and (iv) return to Plaintiff her initial investment totaling of $300,000.

151.    Plaintiff was harmed by Defendants' failure to perform their promises. Plaintiff invested $300,000 in UC SEATTLE, and received nothing in return, leaving Plaintiff out of pocket $300,000. Additionally, Plaintiff has incurred and will incur additional expenses, including attorneys' fees and costs. Plaintiff seeks rescission of her investment in UC SEATTLE and is entitled to "complete relief" including "restitution of benefits" and "any consequential damages." (Cal. Civ. Code §1692.) Plaintiff's reliance on Defendants' promises was a substantial factor in causing Plaintiff's  harm.

152.    In committing the acts herein, Defendants are guilty of oppression (despicable conduct that subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights), fraud (intentional misrepresentations, deceit, and concealment of material facts known to Plaintiff with the intention on the part of Defendants of thereby depriving Plaintiff of monies and legal rights, including, and otherwise causing injury), malice (conduct intended by said Defendants to cause injury to Plaintiff), and authorized ratified, or performed the acts, justifying an award of exemplary and punitive damages, pursuant to Civil Code Section 3294, in a sum appropriate to punish Defendants and to deter similar future misconduct and to make an example of them to the community.

## SEVENTEENTH CAUSE OF ACTION

### (Fraud-False Promise Against All Defendants and Does 1 through 10, Inclusive)

153.    Plaintiff hereby incorporates each and every allegation contained in paragraphs 1 through 152 and realleges those allegations as if fully set forth herein.

154.    Defendants, to induce Plaintiff to invest in UC SEATTLE, failed to disclose

- 31 -

important facts, including that: (i) EAGLEHT was not performing well, (ii) EAGLEHT had defaulted on a $341 million facility loan, (iii) the default dated back to December 2019, (iv) Defendants were under investigation by the Monetary Authority of Singapore ("MAS") and the Singapore Exchange for suspected breaches of disclosure requirements under Section 203 of the Singapore Securities and Futures Act, and breaches of regulations and listing rules in relation to EAGLEHT SP; and (v) trading of EAGLEHT SP's units had been suspended.

155.    Plaintiff did not know of the concealed facts.

156.    Defendants intended to deceive Plaintiff and cause Plaintiff to invest in UC SEATTLE by concealing such facts.

157.    Plaintiff reasonably and actually relied on Defendants' deceptions.

158.    Plaintiff were harmed by Defendants' concealment in that had the important facts been disclosed, Plaintiff would never have invested in UC SEATTLE pursuant to the UC Seattle Offering. Defendants' concealment of important facts has caused injury and damage to Plaintiff of at least $300,000. Plaintiff seeks rescission of her investment in UC SEATTLE and is entitled to "complete relief" including "restitution of benefits" and "any consequential damages." (Cal. Civ. Code §1692.)

159.    Defendants' concealment was a substantial factor in causing Plaintiff's harm.

160.    In committing the acts herein, Defendants are guilty of oppression (despicable conduct that subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights), fraud (intentional misrepresentations, deceit, and concealment of material facts known to Plaintiff with the intention on the part of Defendants of thereby depriving Plaintiff of monies and legal rights, including, and otherwise causing injury), malice (conduct intended by said Defendants to cause injury to Plaintiff), and authorized ratified, or performed the acts, justifying an award of exemplary and punitive damages, pursuant to Civil Code Section 3294, in a sum appropriate to punish Defendants and to deter similar future misconduct and to make an example of them to the community.

COMPLAINT

## EIGHTEENTH CAUSE OF ACTION

**(Intentional Misrepresentation Against All Defendants and Does 1 through 10, Inclusive)**

161.    Plaintiff hereby incorporates each and every allegation contained in paragraphs 1 through 160 and realleges those allegations as if fully set forth herein.

162.    Defendants misrepresented essential material facts.  As part of the UC Seattle Offering, Defendants promised that:  (i) UC SEATTLE would not use or apply the purchase price until the necessary funds from the offering had been raised; (ii) the funds raised for UC Seattle Offering would be used to invest in  UC SEATTLE which would acquire, own, operate, and eventually sell the Seattle Hilton; (iii) the purchase price for the Hilton Seattle would be deposited into interest-bearing secure bank accounts; (iv) if the Subscription Agreement was terminated, all funds raised would be returned to the investors, together with any interest remaining on such funds following the payment of all costs and expenses; (v) UC SEATTLE would obtain  a loan in an approximate aggregate amount of $70 million to acquire the Seattle Hilton; and (vi) the Seattle Hilton would be sold to EAGLEHT.

163.    At the time Defendants made this representation, Defendants knew that such representations were false, as Defendants were well aware that: (i) EAGLEHT was not performing well, (ii) EAGLEHT had defaulted on a $341 million facility loan, (iii) the default dated back to December 2019, (iv) Defendants were under investigation by the Monetary Authority of Singapore ("MAS") and the Singapore Exchange for suspected breaches of disclosure requirements under Section 203 of the Singapore Securities and Futures Act, and breaches of regulations and listing rules in relation to EAGLEHT SP; and (v) trading of EAGLEHT SP's units had been suspended.

164.    Defendants intended for Plaintiff to rely on the representations to obtain funding through Plaintiff's investment.

165.    Plaintiff reasonably relied on Defendants' representations, having no reason  to believe that he would not receive back her initial investment, and as such, proceeded to invest in the UC SEATTLE.

166.    Plaintiff was harmed by Defendants' misrepresentations. Plaintiff invested $300,000 in UC SEATTLE and received nothing in return, causing injury and damage to Plaintiff of at least $300,000. Plaintiff seeks rescission of her investment in UC SEATTLE and is entitled to "complete relief" including "restitution of benefits" and "any consequential damages." (Cal. Civ. Code §1692.)

167.    Plaintiff's reliance on Defendants' misrepresentations was a substantial factor in causing Plaintiff's harm.

168.    In committing the acts herein, Defendants are guilty of oppression (despicable conduct that subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights), fraud (intentional misrepresentations, deceit, and concealment of material facts known to Plaintiff with the intention on the part of Defendants of thereby depriving Plaintiff of monies and legal rights, including, and otherwise causing injury), malice (conduct intended by said Defendants to cause injury to Plaintiff), and authorized ratified, or performed the acts, justifying an award of exemplary and punitive damages, pursuant to Civil Code Section 3294, in a sum appropriate to punish Defendants and to deter similar future misconduct and to make an example of them to the community.

## NINETEENTH CAUSE OF ACTION

### (Negligent Misrepresentation Against All Defendants and Does 1 through 10, Inclusive)

169.    Plaintiff hereby incorporates each and every allegation contained in paragraphs 1 through 168 and realleges those allegations as if fully set forth herein.

170.    Defendants misrepresented essential material facts. As part of the UC Seattle Offering, Defendants promised that: (i) UC SEATTLE would not use or apply the purchase price until the necessary funds from the offering had been raised; (ii) the funds raised for UC Seattle Offering would be used to invest in UC SEATTLE which would acquire, own, operate, and eventually sell the Seattle Hilton; (iii) the purchase price for the Hilton Seattle would be deposited into interest-bearing secure bank accounts; (iv) if the Subscription Agreement was terminated, all funds raised would be returned to the investors, together

1   with any interest remaining on such funds following the payment of all costs and expenses;

2   (v) UC SEATTLE would obtain  a loan in an approximate aggregate amount of $70 million

3   to acquire the Seattle Hilton; and (vi) the Seattle Hilton would be sold to EAGLEHT.

4     171. At the time Defendants made this representation, Defendants knew that such

5   representations were false, as Defendants were well aware that: : (i) EAGLEHT was not

6   performing well, (ii) EAGLEHT had defaulted on a $341 million facility loan, (iii) the

7   default dated back to December 2019, (iv) Defendants were under investigation by the

8   Monetary Authority of Singapore ("MAS") and the Singapore Exchange for suspected

9   breaches of disclosure requirements under Section 203 of the Singapore Securities and

10  Futures Act, and breaches of regulations and listing rules in relation to EAGLEHT SP; and

11  (v) trading of EAGLEHT SP's units had been suspended.

12    172. Defendants intended for Plaintiff to rely on the representations to obtain

13  funding through Plaintiff's investment.

14    173. Plaintiff reasonably relied on Defendants' representations, having no reason

15  to believe that he would not receive back her initial investment, and as such, proceeded to

16  invest in UC SEATTLE.

17    174. Plaintiff was harmed by Defendants' misrepresentations. Plaintiff invested

18  $300,000 in and received nothing in return, causing injury and damage to Plaintiff of at

19  least $300,000. Plaintiff seeks rescission of her investment in UC SEATTLE and is entitled

20  to "complete relief" including "restitution of benefits" and "any consequential damages."

21  (Cal. Civ. Code §1692.)

22    175. Plaintiff's reliance on Defendants' misrepresentation was a substantial factor

23  in causing Plaintiff's harm.

24    176. In committing the acts herein, Defendants are guilty of oppression (despicable

25  conduct that subjected Plaintiff to cruel and unjust hardship in conscious disregard of

26  Plaintiff's rights), fraud (intentional misrepresentations, deceit, and concealment of material

27  facts known to Plaintiff with the intention on the part of Defendants of thereby depriving

28  Plaintiff of monies and legal rights, including, and otherwise causing injury), malice

1  (conduct intended by said Defendants to cause injury to Plaintiff), and authorized ratified,

2  or performed the acts, justifying an award of exemplary and punitive damages, pursuant to

3  Civil Code Section 3294, in a sum appropriate to punish Defendants and to deter similar

4  future misconduct and to make an example of them to the community.

5  **TWENTIETH CAUSE OF ACTION**

6  **(Negligence Against All Defendants and Does 1 through 10, Inclusive)**

7  177.   Plaintiff hereby incorporates each and every allegation contained in

8  paragraphs 1 through 176 and realleges those allegations as if fully set forth herein.

9  178.   Based on their relationship with Plaintiff, Defendants owed a duty of care to

10  Plaintiff.

11  179.   Each of the Defendants engaged in gross negligence in that through their

12  conduct—and lack thereof—Defendants failed to exercise the barest minimum of care and

13  departed from the ordinary standard of care under the circumstances in their dealings with

14  Plaintiff, to Plaintiff's detriment.

15  180.   Each of the Defendants also engaged in negligence in that they failed to

16  exercise reasonable care under the circumstances in their dealings with Plaintiff, to Plaintiff's

17  detriment.

18  181.   As a proximate result of such negligence on the part of Defendants, Plaintiff

19  has suffered damages in an amount to be established at trial, but which are in excess of

20  $300,000.00.

21  **TWENTY-FIRST CAUSE OF ACTION**

22  **(Violation of California Corporations Code §17704.41 Against All Defendants And**

23  **Does 1 through 10 Inclusive)**

24  182.   Plaintiff  hereby incorporates each and every allegation contained in

25  paragraphs 1 through 181 and realleges those allegations as if fully set forth herein.

26  183.   The members of UC SEATTLE residing in California represent twenty–five

27  percent (25%) or more of the voting interests of the members of UC SEATTLE.

28  184.   UC SEATTLE is a manager–managed limited liability company.

- 36 -

185.    Plaintiff is entitled to all information and inspection rights with respect to UC SEATTLE as provided in California Corporations Code § 17704.10.

186.    Plaintiff seeks an order of the Court requiring Defendants to provide all information and permit the inspection in its entirety of UC SEATTLE's books and records, pursuant to California Corporations Code § 17704.10.

**TWENTY-SECOND CAUSE OF ACTION**

**(Violation of California Business & Professions Code Section 17200, et seq. Against All Defendants and Does 1 through 10 Inclusive)**

187.    Plaintiff hereby incorporates each and every allegation contained in paragraphs 1 through 186 and realleges those allegations as if fully set forth herein.

188.    Defendants have committed unlawful, unfair and fraudulent business activities and practices in their offering and selling of securities to Plaintiff.

189.    By such conduct, Defendants, and each of them, have violated California Business & Professions Code Section 17200, et seq. Defendants' violations have continued throughout their business in California and to present date, including when Defendants misled and defrauded Plaintiff into purchasing securities in UC SEATTLE.

190.    As a direct and proximate result of Defendants' unfair, unlawful and fraudulent business practices in violation of Business & Professions Code Section 17200, as alleged, Plaintiff is entitled to, and hereby seeks, (a) rescission of Plaintiff's purchases of securities in UC SEATTLE, as alleged, and (b) restitution to Plaintiff of all monies which Plaintiff has paid for purchase of securities in UC SEATTLE, i.e., the sum of $300,000.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Li Mei Chen prays for judgment against URBAN COMMONS 6TH AVE SEATTLE, TAYLOR WOODS, HOWARD WU, WU DEVELOPMENT, LLC, ANNIE WU, and  DOES 1 through 10 and each of them, as follows:

**ON THE FIRST CAUSE OF ACTION:**

1.    For an award of general damages in an amount to be proven at trial;

2.      To recover the consideration paid by Plaintiff for the securities, plus interest at the legal rate, less the amount of any income received on those securities;

3.      For an award of punitive or exemplary damages, according to proof at trial;

4.      For pre-judgment interest.

**ON THE SECOND CAUSE OF ACTION:**

5.      For an award of general damages in an amount to be proven at trial;

6.      To recover the consideration paid by Plaintiff for the securities, plus interest at the legal rate, less the amount of any income received on those securities;

7.      For an award of punitive or exemplary damages, according to proof at trial;

8.      For pre-judgment interest.

**ON THE THIRD CAUSE OF ACTION:**

9.      For an award of general damages in an amount to be proven at trial;

10.     To recover the consideration paid by Plaintiff for the securities, plus interest at the legal rate, less the amount of any income received on those securities;

11.     For an award of punitive or exemplary damages, according to proof at trial;

12.     For pre-judgment interest.

**ON THE FOURTH CAUSE OF ACTION:**

13.     For an award of general damages in an amount to be proven at trial;

14.     To recover the consideration paid by Plaintiff for the securities, plus interest at the legal rate, less the amount of any income received on those securities;

15.     For an award of punitive or exemplary damages, according to proof at trial;

16.     For pre-judgment interest.

**ON THE FIFTH CAUSE OF ACTION:**

17.     For an award of general damages in an amount to be proven at trial;

18.    To recover the consideration paid by Plaintiff for the securities, plus interest at the legal rate, less the amount of any income received on those securities;

19.    For an award of punitive or exemplary damages, according to proof at trial;

20.    For pre-judgment interest.

**ON THE SIXTH CAUSE OF ACTION:**

21.    For an award of general damages in an amount to be proven at trial;

22.    To recover the consideration paid by Plaintiff for the securities, plus interest at the legal rate, less the amount of any income received on those securities;

23.    For an award of punitive or exemplary damages, according to proof at trial;

24.    For pre-judgment interest.

**ON THE SEVENTH CAUSE OF ACTION:**

25.    For an award of general damages in an amount to be proven at trial;

26.    To recover the consideration paid by Plaintiff for the securities, plus interest at the legal rate, less the amount of any income received on those securities;

27.    For an award of punitive or exemplary damages, according to proof at trial;

28.    For pre-judgment interest.

**ON THE EIGHTH CAUSE OF ACTION:**

29.    For an award of general damages in an amount to be proven at trial;

30.    To recover the consideration paid by Plaintiff for the securities, plus interest at the legal rate, less the amount of any income received on those securities;

31.    For an award of punitive or exemplary damages, according to proof at trial;

32.    For pre-judgment interest.

**ON THE NINTH CAUSE OF ACTION**

33.    For an award of general damages in an amount to be proven at trial;

34.    For an award of punitive or exemplary damages, according to proof at trial;

35.    For rescission of the purchase by Plaintiff of the membership interest in UC Seattle, recovery to Plaintiff of all of the consideration paid by Plaintiff for those securities, plus interest at the legal rate, less the amount of any income received on those securities.

36.    For pre-judgment interest.

**ON THE TENTH CAUSE OF ACTION**

37.    For an award of general damages in an amount to be proven at trial;

38.    For an award of punitive or exemplary damages, according to proof at trial;

39.    For rescission of the purchase by Plaintiff of the membership interest in UC Seattle, recovery to Plaintiff of all of the consideration paid by Plaintiff for those securities, plus interest at the legal rate, less the amount of any income received on those securities.

40.    For pre-judgment interest.

**ON THE ELEVENTH CAUSE OF ACTION**

41.    For an award of general damages in an amount to be proven at trial;

42.    For an award of punitive or exemplary damages, according to proof at trial;

43.    For rescission of the purchase by Plaintiff of the membership interest in UC Seattle, recovery to Plaintiff of all of the consideration paid by Plaintiff for those securities, plus interest at the legal rate, less the amount of any income received on those securities.

44.    For pre-judgment interest.

**ON THE TWELFTH CAUSE OF ACTION**

45.    For an award of general damages in an amount to be proven at trial;

46.    For an award of punitive or exemplary damages, according to proof at trial;

- 40 -

47.    For rescission of the purchase by Plaintiff of the membership interest in UC Seattle purchased by Plaintiff, recovery to Plaintiff of all of the consideration paid by Plaintiff for those securities, plus interest at the legal rate, less the amount of any income received on those securities.

48.    For pre-judgment interest.

**ON THE THIRTEENTH CAUSE OF ACTION**

49.    For an award of general damages, according to proof at trial, but at a minimum $300,000;

50.    Preferred Returns under the Investment Agreement;

51.    For pre-judgment and post-judgment interest accrued thereon at the maximum legal rate thereon.

52.    For attorney's fees and costs.

**ON THE FOURTEENTH CAUSE OF ACTION**

53.    For an award of general damages in an amount to be proven at trial;

54.    For an award equal to three times the amount of actual damages sustained by Plaintiff;

55.    For reasonable attorneys' fees pursuant to Penal Code Section 496(c);

56.    For pre-judgment interest.

**ON THE FIFTEENTH CAUSE OF ACTION**

57.    For restitution of benefits, including the return of Plaintiff's $300,000 investment;

58.    For consequential damages, in an amount according to proof at trial,

59.    For an award of punitive or exemplary damages, according to proof at trial;

60.    For pre-judgment interest.

- 41 -

**ON THE SIXTEENTH CAUSE OF ACTION**

61.    For restitution of benefits, including the return of Plaintiff's $300,000 investment;

62.    For consequential damages, in an amount according to proof at trial,

63.    For an award of punitive or exemplary damages, according to proof at trial;

64.    For pre-judgment interest.


**ON THE SEVENTEENTH CAUSE OF ACTION**

65.    For restitution of benefits, including the return of Plaintiff's $300,000 investment;

66.    For consequential damages, in an amount according to proof at trial,

67.    For an award of punitive or exemplary damages, according to proof at trial;

68.    For pre-judgment interest.


**ON THE EIGTEENTH CAUSE OF ACTION**

69.    For restitution of benefits, including the return of Plaintiff's $300,000 investment;

70.    For consequential damages, in an amount according to proof at trial,

71.    For an award of punitive or exemplary damages, according to proof at trial;

72.    For pre-judgment interest.


**ON THE NINETEENTH CAUSE OF ACTION**

73.    For restitution of benefits, including the return of Plaintiff's $300,000 investment;

74.    For consequential damages, in an amount according to proof at trial,

75.    For an award of punitive or exemplary damages, according to proof at trial;

76.    For pre-judgment interest.

COMPLAINT

**ON THE TWENTIETH CAUSE OF ACTION**

77.     For restitution of benefits, including the return of Plaintiff's $300,000 investment;

78.     For consequential damages, in an amount according to proof at trial,

79.     For an award of punitive or exemplary damages, according to proof at trial;

80.     For pre-judgment interest.

**ON THE TWENTY-FIRST CAUSE OF ACTION**

81.     For an award of general damages in an amount to be proven at trial;

82.     For an award of punitive or exemplary damages, according to proof at trial;

83.     For pre-judgment interest.

**ON THE TWENTY-SECOND CAUSE OF ACTION**

84.     For restitutionary disgorgement;

85.     For permanent injunctive relief;

86.     For pre-judgment interest.

**FOR ALL CAUSES OF ACTION**

87.     For pre-judgment interest;

88.     For costs of suit incurred herein;

89.     For reasonable attorneys' fees, to the extent allowed by law;

90.     For suitable temporary restraining orders, writs of attachment, expedited discovery orders, turnover orders, and preliminary injunctions, as necessary to prevent Defendants from causing additional harm to Plaintiff and to prevent the dissipation of assets and to ensure that a judgment can be satisfied; and

91.     For such other and further relief as the Court may deem just and proper.

COMPLAINT

Exhibit 1    Page 45 of 46

1

2

DATED:  November 10, 2021    GARCIA RAINEY BLANK & BOWERBANK LLP

3

4

5

By    /s/ Norma V. Garcia

6

NORMA V. GARCIA

7

JEFFREY M. BLANK

HUGO A. LOPEZ

8

Attorneys for Plaintiff

Li Mei Chen

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 44 -

# DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury.

DATED:  November 10, 2021

GARCIA RAINEY BLANK & BOWERBANK LLP

By    /s/ Norma V. Garcia

NORMA V. GARCIA
JEFFREY M. BLANK
HUGO A. LOPEZ
Attorneys for Plaintiff
Li Mei Chen

- 45 -